ROBERT E. SHANNON, City Attorney
HOWARD D. RUSSELL, Deputy City Attorney
State Bar No. 163595
333 West Ocean Boulevard, 11th Floor
Long Beach, California 90802-4664
Telephone:  (562) 570-2200
Facsimile:  (562) 436-1579
e-mail:  *Howard.Russell@longbeach.gov*

Attorneys for Defendants
CITY OF LONG BEACH
OFFICER KRIS NELSON
OFFICER JESSE VALADEZ
OFFICER JACINTO PONCE
OFFICER ABEL MORALES

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRENCE WILSON,<br><br>           Plaintiff,<br><br>    vs.<br><br>CITY OF LONG BEACH, OFFICER KRIS NELSON, OFFICER JESSE VALADEZ, OFFICER JACINTO PONCE, OFFICER ABEL MORALES, and DOES 1 through 10, Inclusive,<br><br>           Defendants. | Case No.:  CV08-05194 AHM  (AGRx)<br><br>Honorable A. Howard Matz, Judge<br><br>**PROTECTIVE ORDER**<br><br>Trial:  January 26, 2010 |

I.     INTRODUCTION

This case involves claims that Long Beach Police Officers Kris Nelson, Jesse Valadez, Jacinto Ponce, and Abel Morales used excessive force against Terrance Wilson, and that the City of Long Beach is liable under *Monell*. Defendants deny the allegations.

Plaintiff issued a subpoena duces tecum to the Custodian of Records for the Long Beach Police Department; among the items requested was the Police Department's administrative investigation of the Wilson incident. Part of that

investigation are the findings and recommendations of the Officer-Involved Shooting Review Board; those findings and recommendations are privileged peace officer personnel records, and defendants object to production (not inspection) of the findings and recommendations without a protective order. Defendants have produced without objection the remainder of the investigation.

II. GOOD CAUSE STATEMENT:

Plaintiff has requested certain privileged items. It should be noted that in response to the request, defendants will produce the following under a Protective Order:

That portion of the Long Beach Police Department's administrative review of the officer-involved shooting of Terrance Wilson that contains the findings and recommendations of the board.

Defendants contend that the records identified herein above are confidential and not subject to disclosures absent a protective order. Specifically, under state law these records are only subject to disclosures after compliance with Evidence Code sections 1040, et seq., commonly referred to as a "Pitchess" motion. The statutory scheme is based on the premise that: "Peace officer personnel records . . . are confidential and shall not be disclosed by the department or agency that employs the peace officer in any criminal proceeding except by discovery pursuant to Sections 1043 and 1046 of the Evidence Code" and Penal Code §832.7(a). A plaintiff in a civil action would have less of a due process right than a criminal defendant. As a result, civil discovery statutes are not applicable in obtaining this information.

A police officer, just like any other person, also has a constitutional right of privacy regarding his or her personnel file under the California Constitution, Article I, Section 1. *City and County of San Francisco v. Superior Court* (1981) 125 Cal.App.3d 879, 882 [178 Cal.Rptr. 435].

Although these rules do not specifically apply to the Federal arena, the disclosure of the materials requested by the plaintiff without a protective order, would permit other litigants to obtain confidential information not otherwise available to them. In essence, the disclosures permit other "users" to circumvent the detailed statutory requirements in state court; and permit free exchange of information for pending litigation without conducting discovery in federal court.

Defendants respectfully submit that good cause does exist for the issuance of a Protective Order, and that plaintiff will not be prejudiced in any manner as a result.

### III. PROTECTIVE ORDER

The stipulated points for the Protective Order are stated as follows:

1. Attorneys for the parties shall receive that portion of the Long Beach Police Department's administrative review of the officer-involved shooting of Terrance Wilson that contains the findings and recommendations of the board.

2. Attorneys for the parties shall personally secure and maintain said copies in their possession to the end that said copies are to be used only for the purposes set forth below and for no other purpose.

3. Copies of the records shall only be used for preparing for and prosecuting or defending this case pending the completion of the judicial process including appeal, if any.

4. Copies of the records may be used at time of trial only if so ordered by the court. Additionally, reference to the content of any records, or the existence of any such record shall only be made after so ordered by the court.

5. If necessary in the judgment of the attorneys for the parties in this case, they may show or reveal the contents of the copies to their employees or agents, if the same may <u>actively</u> assist in the prosecution or defense of this case.

6. Any depositions, during which the contents of copies of the records are part of the testimony or copies of the records are attached as exhibits, shall be

1 sealed.

2     7. After completion of the judicial process in this case, attorneys for the
3 parties shall return the above-referenced records to the Office of the City Attorney
4 as attorney for the Custodian of Records for the Long Beach Police Department and
5 shall retain no copy of such material in any form.

6     8. Attorneys for the parties shall cause the substance of this Order to be
7 communicated to each person to whom the information is revealed in accordance
8 with this Order.

9     9. The attorneys for the parties shall not cause or knowingly permit
10 disclosure of the contents of the copies beyond the disclosure permitted under the
11 terms and conditions of this Order, including but not limited to any news media
12 which is inclusive of film or video, television, radio or print.

13 / / /
14 / / /
15 / / /

OFFICE OF THE CITY ATTORNEY
ROBERT E. SHANNON, City Attorney
333 West Ocean Boulevard, 11th Floor
Long Beach, CA 90802-4664

The Court retains jurisdiction to modify this Protective Order and to make further Orders with respect to control and use of the information delivered to the attorneys for the parties pursuant to this Order, including Orders as to the ultimate disposition of said copies while the judicial process is pending.

DATED: January 27, 2010          ROBERT E. SHANNON, City Attorney

By: _____
    HOWARD D. RUSSELL
    Deputy City Attorney
Attorneys for Defendants
CITY OF LONG BEACH
OFFICER KRIS NELSON
OFFICER JESSE VALADEZ
OFFICER JACINTO PONCE
OFFICER ABEL MORALES

DATED: _____, 2009        _____
    CAREE ANNETTE HARPER, ESQ.
    Attorney for Plaintiff
    TERRENCE WILSON

IT IS SO ORDERED.

DATED: January 27, 2010

_____
HON. A. HOWARD MATZ
UNITED STATES DISTRICT JUDGE